AO 243
REV 6/82

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

05-10972 NG

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form DC 12, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District MASSACHUSETTS | |
|---|---|---|
| Name of Movant CHARLES WILKERSON | Prisoner No. 22166-038 | Docket No. |
| Place of Confinement United States Penitentiary, P. O. Box 1000, Lewisburg, PA 17837 | | |

(include name upon which convicted)

UNITED STATES OF AMERICA    V.    **CHARLES WILKERSON**
(full name of movant)

05-10972 NG

MOTION *Referred to MJ J6 Dein*

1. Name and location of court which entered the judgment of conviction under attack ___United States District Court, John Joseph Moakley Courthouse, 1 Courthouse Way, Boston, MA 02210___

2. Date of judgment of conviction ___December 17, 2001___

3. Length of sentence ___120 months___

4. Nature of offense involved (all counts) ___18 U.S.C. § 841(B)1 Possession With Intent to Distribute Cocaine Base___

5. What was your plea? (Check one)
   (a) Not guilty   ☒
   (b) Guilty       ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   ___Not Applicable___

6. Kind of trial: (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

(2)

AO 243
REV 6/82

9. If you did appeal, answer the following:

   (a) Name of court __UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT__

   (b) Result __Denied__

   (c) Date of result __December 31, 2002__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☒  No ☐

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court __Supreme Court of the United States__

       (2) Nature of proceeding __Application for a Writ of certiorari__

       (3) Grounds raised __Ineffective Assistance of Counsel__

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐  No ☒

       (5) Result __Review Denied__

       (6) Date of result __May 5, 2003__

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court __Not Applicable__

       (2) Nature of proceeding __Not Applicable__

       (3) Grounds raised __Not Applicable__

(3)

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result __Not Applicable__

(6) Date of result __Not applicable__

(c) As to any third petition, application or motion, give the same information:

(1) Name of court __Not Applicable__

(2) Nature of proceeding __Not applicable__

(3) Grounds raised __Not Applicable__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result __Not applicable__

(6) Date of Result __Not Applicable__

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☒
(2) Second petition, etc.   Yes ☐ No ☒
(3) Third petition, etc.    Yes ☐ No ☒

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

__As a mere layman when it comes to the law I had no awareness and/or knowledge of the error that I am now arguing.__

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Motion for New Trial based on **Brady** and **Jencks** violations, withholding of exculpatory evidence, newly discovered evidence, and perjury of Govt's key witness at trial.

Supporting FACTS (tell your story *briefly* without citing cases or law): The Government failed in its **Brady** obligations in two respects. First, the Government should have disclosed that portion of the Grand Jury testimony of Steven Williams in which he denied membership in the gang known as the Franklin Hill giants, and detailed his knowledge of of the nefarious activities of the gang. See, "Memo."

B. Ground two: The District Court erred in ruling that it lacked authority or jurisdiction to make a downward [sentence] departure.

Supporting FACTS (tell your story *briefly* without citing cases or law): Movant relied on U.S.S.G. § 5K2.0 in seeking a downward departure in his sentencing, and the District Court **sua sponte** conducted an analysis based on the U.S. Court of Appeals for the First Circuit's recent decision in **United States v. Pereira** and concluded it had no authority to depart. Movant contends the District Court did have [See, "Memorandum of Points and Authorities" attached in support.]

C. Ground three: The District Court failed to recognize its authority to depart downward under U.S.S.G. §§ 5H2.3 & 5K2.0 as interpreted by the Second Circuit in **United States v. Rivera.**

Supporting FACTS (tell your story *briefly* without citing cases or law): During Movant's Sentencing hearing proceedings, and in its Sentencing Memorandum, the District Court raised **sua sponte** the Appeals Court's decision in **United States v. Pereira** which implicated U.S.S.G. § 5H1.6. Nowhere does the trial judge address a departure

AO 243
REV 6/82

under U.S.S.G. § 5K2.0 which was asserted by Movant.

D. Ground four: Not Applicable

Supporting FACTS (tell your story *briefly* without citing cases or law): Not Applicable

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Not Applicable

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing _____

    (b) At arraignment and plea _____

    (c) At trial _____

    (d) At sentencing _____

(6)

AO 243
REV 6/82

(e) On appeal _____

_____

(f) In any post-conviction proceeding __Not Applicable_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding __Not Applicable__

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐ No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: __Not Applicable__

    _____

    (b) Give date and length of the above sentence: __Not Applicable__

    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__4-29-05__
(date)

_Charles A. Wilkerson_
Signature of Movant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CHARLES WILKERSON,

        Petitioner:        Docket No. _____

vs.

UNITED STATES OF AMERICA,

        Respondent:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

OF 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE

OR CORRECT SENTENCE

### Ground One's Argument

The exculpatory nature of this evidence should have become apparent to the prosecution when, on cross examination, Steven Williams testified that he was indeed a member of the Franklin Hill Giants. This suppressed by the Government, Grand Jury testimony could have been used to seriously undermine the credibility of Williams. It could have shown that, for example, Williams had committed perjury before the Grand Jury in order to insulate himself from the activities of the Franklin Hill Giants. Likewise, Williams' credibility and character would have been further eroded by the jury's knowing of his membership in the Franklin Hill Giants along with his revealed knowledge of and implicit involvement in the alleged crimes committed by other members of the Franklin Hill Giants, including drug dealing, acts of violence, and even murder. See, **Banks v. Dretke**, (**Banks v. Cockrell**, 5th Cir. 8/20/02); **Brady v. Maryland**, 373 U.S. 83 (1963); **Giglio v. United States**, 405 U.S. 150 (1972); **Strickler**

**v. Greene**, 527 U.S. 263, 65 CrL 363 (1999) (prosecution suppressed material witness impeachment evidence that prejudiced [the instant Petitioner, Charles Wilkerson]) and suppressed evidence was material, in that, the testimony of Steven Williams, who denied before the Grand Jury that he was a member of the Franklin Hill Giants, was offered to secure an Indictment against the Petitioner. The fact that the [Petit] jury was unaware of Williams previous perjury before the Grand Jury, denying being a member of the Franklin Hill Giants, would have went to the heart of his credibility during his trial testimony, et cetera.

### Ground Two's Argument

... authority to consider a departure under the said sections referenced under U.S.S.G. §§ 5H2.3 and 5K2.0. And, in order to consider a downward departure under the aforesaid Section 5K2.0 as interpreted by the United States Court of Appeals for the Second Circuit in **United States v. Rivera**, on remand, the trial judge should consider Movant's background in light of U.S.S.G. § 5H1.3 which was not done at Movant's sentencing.